```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

OLASUPO OLAGOKE,                :
                                :
     Plaintiff,                 :
                                :    CIVIL ACTION
v.                              :
                                :    NO. 1:11-CV-3571-TWT-ECS
COBB COUNTY SCHOOL,             :
                                :
     Defendant.                 :

### ORDER, FINAL REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The above-styled case is an employment discrimination action presently before the Court on Plaintiff's request to proceed in forma pauperis. [Doc. 1]. After consideration by the Court of Plaintiff's affidavit of indigency, Plaintiff's request to proceed in forma pauperis is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a); however, service **SHALL NOT ISSUE** at this time.

Pursuant to 28 U.S.C. § 1915(e)(2), a federal court may dismiss a pro se in forma pauperis complaint if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

On August 12, 2011, Plaintiff filed a near-identical complaint against Defendant in this Court, along with a request to proceed <u>in forma pauperis</u>. See [Doc. 1], 1:11-cv-2672-TWT. On August 22, 2011, the undersigned struck Plaintiff's complaint and permitted Plaintiff to re-file, "within **fourteen (14) days** of the entry of this order, an amended complaint that complies with Rule 8(a) by presenting each claim for relief **and its factual predicates** . . . ." [Doc. 3 at 5], 1:11-cv-2672-TWT. Plaintiff was warned that "[f]ailure to re-plead will result in the termination of this action against Plaintiff and in favor of Defendant, with prejudice." [Id.]. Plaintiff did not re-plead within fourteen days, and accordingly, on September 21, 2011, the undersigned recommended that the action be dismissed.[1] [Doc. 5], 1:11-cv-2672-TWT.

Plaintiff may not attempt to open a new case to skirt the missed deadline in the 1:11-cv-2672-TWT case. Further, even if activity such as this were permitted, Plaintiff's Title VII claim in the instant case would be time-barred because the right-to-sue notice from the EEOC was mailed to Plaintiff on May 16, 2011, <u>see</u> [Doc. 1-1 at 6], and the instant case was opened on October 18, 2011, approximately two months late. See 42 U.S.C. § 2000e-16(d) (requiring Title VII litigants to file suit within 90 days of

---

[1] The Report and Recommendation in the 1:11-cv-2672-TWT matter is still pending before the District Court Judge.

receiving a right-to-sue notice from the EEOC). Accordingly, viewed either way, Plaintiff's complaint is due to be **DISMISSED with prejudice**. The clerk is **DIRECTED** to terminate the reference to the undersigned in this matter.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 27th day of October, 2011.

                                        s/ *E. Clayton Scofield*
                                        E. CLAYTON SCOFIELD III
                                        UNITED STATES MAGISTRATE JUDGE